**S. R. KING et al., Appellants,**

v.

**JEFFERSON COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 7,**
Appellee.

No. 10331.

Court of Civil Appeals of Texas.

Austin.

July 6, 1955.

Rehearing Denied July 27, 1955.

John H. Benckenstein, Beaumont, Looney, Clark & Moorhead, Martin Harris, Austin, for appellant.

Vinson, Elkins, Weems & Searls, George W. Sparks, Victor W. Bouldin, Houston, for appellee.

ARCHER, Chief Justice.

This is an action under Vernon's Texas Annotated Statutes, Articles 7880–95 through 7880–100 to determine the validity of the Jefferson County Water Control and Improvement District No. 7, and certain revenue bonds issued pursuant to a resolution of its board of directors. Appellants do not deny the validity of the District, but they challenge the validity of the bonds.

Trial was to the court without a jury. Judgment was rendered in favor of the District that the District was validly created and organized, and that its bonds have been authorized according to law and are valid. The property owners have appealed.

The appeal is before this Court on eight points and are to the effect that the trial court erred in concluding that the water system and tax bonds have been authorized in accordance with law and when registered will be binding obligations of the District, in concluding that under the authority of Sec-

tion 59, Article XVI, Vernon's Ann.St. Constitution of Texas and Chapter 3a of Title 128, V.T.C.S., particularly Article 7880–3, the District may purchase waters of the State from a source within or without its confines and distribute the same through its system to users within the District for domestic, and all other useful purposes, in concluding that the District may purchase filtered water from the City of Beaumont and distribute the same to users in the District and may construct a waterworks system for distribution of such water, in finding that the election and all other proceedings·authorizing the bonds were in accordance with law and the tax levied is sufficient to pay the principal and interest on the bonds, is valid, the pledge of the net revenues is valid and the bonds will become binding obligations of the District, that the court erred in decreeing that all proceedings authorizing the issuance of the bonds in the amounts with interest and maturity dates were adopted in accordance with law; that the validity of certain other instances in which the approval of the Attorney General and Board of Water Engineers were had have not been tested in any court and are not material.

District No. 7 was created by order of the State Board of Water Engineers of Texas under the authority of Section 59, Article XVI, Constitution of Texas, and Chapter 3a, Title 128, V.T.C.S., as amended, including specifically Articles 7880–3 and 7880–3a, Vernon's Texas Civil Statutes.

Section 59(a) of the Constitution reads as follows:

"The conservation and development of all of the natural resources of this State, including the control, storing, preservation and distribution of its storm and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage of its overflowed lands, and other lands needing drainage, the conservation and development of its forests, water and

hydro-electric power, the navigation of its inland and coastal waters, and the preservation and conservation of all such natural resources of the State are each and all hereby declared public rights and duties; and the Legislature shall pass all such laws as may be appropriate thereto."

Section 59(b) authorizes the creation of conservation and reclamation districts for the accomplishment of the purposes set out in Section 59(a).

Article 7880–3 provides in part as follows:

"Water Control and Improvement Districts may be organized under the provisions of Section 59, of Article 16 of the Constitution for any one or more of the purposes therein provided as follows:

" 'Including the control, storing, preservation and distribution of its waters and flood waters, the waters of its rivers and streams, for irrigation, power and all other useful purposes, the reclamation and irrigation of its arid, semi-arid and other lands needing irrigation, the reclamation and drainage, the conservation and development of its forests, waters and hydro electric power, the navigation of its coastal and inland waters, and the preservation and conservation of all such natural resources of the State,'; and, such districts when organized shall have power to control, abate and amend any shortage, or harmful excess of waters, and to protect, preserve and, when necessary, restore, the purity and sanitary condition of waters within the State of Texas: These objects may be accomplished by any and all practicable means."

This cause was tried on an agreed stipulation, together with some testimony from an Assistant Attorney General to the effect that the Attorney General's office had examined the transcript of the proceedings relating to the organization of the District leading up to the authorization of the bonds

involved in the cause and would approve the bonds.

The stipulation is that the appellants are tax paying real property owners within District No. 7, and interested parties. It is further stipulated:

"The bonds in suit were voted for the purpose of 'constructing a waterworks system for said District.' The waterworks system is to consist of a ground storage tank which is to be kept filled with water purchased from a source outside the District; said tank to be placed near the east boundary of the District; a pump house to be constructed close to the ground storage tank where it will take suction from said tank and pump into the overhead tank and into the water distribution system; an elevated storage tank having a height of 100 feet from the ground to the bottom of the tank, to be placed near the center of Amelia; the main water distribution to consist of a series of six inch looped lines over the whole area, cross-connected to minimize any pressure drop, and the lateral service to be two inch. The estimated cost of the system of $445,000.00."

"It is the intention at this time for the District to purchase filtered water from the City of Beaumont, which obtains its raw water from the Neches River outside the District, and since the filing of this suit the District has negotiated a contract with the City of Beaumont of the same, a copy of which is attached hereto, marked Exhibit 'A', and made a part hereof."

Further stipulations were that water in the District is obtained from wells for use, with pumps, etc.

That transcript of the proceedings was submitted to the Attorney General and approved. Application was made to the Board of Water Engineers for approval of the organization of the District, bonds, etc., and approved.

That in numerous instances the Attorney General and the Board of Water Engineers have approved projects of water control and improvement districts in Texas and a list of such districts was set out in the stipulation.

The prime objection made by appellants to the activities of the District is the purchase of filtered water from the City of Beaumont for use by the District. The water to be delivered to the District by the City at its limits on College Street or at such other point or points as may be mutually agreed on. The water was to be received by the District into the waterworks system to be constructed by the District in accordance with plans approved by the Board of Water Engineers.

The District is to pay the City the metered rate inside the limits plus 25% each month.

By this method of acquiring water for its use the District did not have to install a filtration plant and lay a pipeline from some source of water within the meaning of the statute.

The contention is further made that in acquiring the refined water and then distributing it through its system the District is engaged in the business of selling and distributing purified water at retail and not connected with the conservation and development of the waters of the State.

The appellees take the position that the District is authorized under the law to acquire the water as refined, receive it into its system, store, preserve and distribute it as provided by law.

There is no question raised as to the legality of the organization of the District or the bond election proceedings, other than the use of the proceeds of the bonds for the building of a waterworks system for the distribution of water purchased by the District from a source outside the District, and specifically the purchase of treated water from the City which secures its raw water from the Neches River.

We believe the judgment of the trial court is correct, and that the bonds were voted and authorized to provide facilities to store and distribute water resources

of the State, and are constitutional and valid, and the District is authorized to purchase water, either raw or filtered, from a source beyond the boundaries of the District and to distribute such water to users within the District. Ball v. Merriman, Tex.Civ. App., 245 S.W. 1012, reversed on other grounds, 116 Tex. 527, 296 S.W. 1085; Ptacek v. Hofheinz, Tex.Civ.App., 128 S. W.2d 872, er. ref.

In San Jacinto River Conservation and Reclamation Dist. v. Sellers, Attorney General, 143 Tex. 328, 184 S.W.2d 920, 923, the Court held:

> "The canal which the District proposes to purchase carries the storm and flood waters of the San Jacinto River, and this water is used for irrigation, power, and other useful purposes. The distribution of this water is clearly one of the purposes for which the District was created. The statute expressly authorizes the District to purchase and operate any and all property within or without the District necessary or convenient to the exercise of the powers conferred upon the District. It is plain therefore, we think, that the District has a right to use the funds obtained from the sale of these bonds to purchase and operate the canal in question."

Parker v. San Jacinto County Water Control and Improvement District No. One, Tex., 273 S.W.2d 586; Lower Nueces River Supply District v. Cartwright, Tex.Civ. App., 274 S.W.2d 199, er. ref., n. r. e.

 We attribute to the interpretation of the Attorney General with respect to bonds that have been approved and his construction of the sections in question due weight and consideration as is due all departmental construction unless we are convinced that such construction is wrong. San Antonio Junior College District v. Daniel, 146 Tex. 241, 206 S.W.2d 995.

Attention is directed to Article 8280–145, V.A.C.S., creating San Patricio Municipal Water District and the sections authorizing the acquisition of water supplies from sources both within or without the boundaries of the District.

Article 8280–134 and Article 8280–159 create and validate Water Districts with provision as to the authority to purchase water. There are other statutes concerning the acquiring and distribution of water by Water Districts such as Article 7880–3.

The judgment of the trial court is affirmed.