

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

$RQ$ $84$

July 31, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas    77704

Opinion No. H-657

Re: Authority of Port of Beaumont
to own and operate port facilities
within the boundaries of the Port of
Orange and to lease such facilities
to private industry.

Dear Mr. Hanna:

You have requested our opinion concerning the following questions:

Does the Port of Beaumont Navigation District of
Jefferson County, Texas have authority:

(1) to construct, own, operate and regulate public
wharves, warehouses, grain elevators, docks and
all other related facilities on the tract of land that
it now owns consisting of approximately 232 acres in
Orange County across the Neches River from its
present port facilities, but outside of the territorial
boundaries of the District?

(2) to acquire by purchase or gift, additional tracts
of land in Orange County bordering the Neches River
but outside of the territorial boundaries of the district and
construct, own, operate and regulate public wharves,
warehouses, grain elevators, docks and all other related
facilities on such land?

(3) to construct and own wharves, warehouses, grain
elevators, docks and all other related facilities on the
232 acres of land in Orange County owned by the Port,
and to lease same to any individual or corporation for
private industrial use?

(4) to acquire, by purchase or gift, additional tracts of land in Orange County bordering the Neches River, but outside the territorial boundaries of the district and construct thereon wharves, warehouses, grain elevators, docks and all other related facilities, and lease the same to any individual or corporation for private industrial use?

The Port of Beaumont Navigation District of Jefferson County, Texas was created by Acts 1949, 51st Leg., ch. 147, p. 270 as amended by Acts 1957, 55th Leg., ch. 20, p. 30; Acts 1961, 57th Leg., ch. 5, p. 8. Your request involves the acquisition, operation, and leasing of property within the Orange County Navigation and Port District. Acts 1957, 55th Leg., ch. 80, p. 173.

Section 2 of the statute creating the Port of Beaumont Navigation District provides in part:

[T]he district shall have and is hereby authorized to exercise the following powers. . .

(a) The right, power and authority to acquire, purchase, take over, construct, maintain, repair, operate, develop, and regulate wharves, docks, warehouses, grain elevators, dumping facilities, belt railways, lands and all other facilities or aids consistent to or necessary to the operation or development of ports or waterways within the District; . . .

(b) To . . . own, use and operate any and all facilities of any kind necessary or convenient to the exercise of such powers, rights, privileges and functions as are herein granted, . . .
. . .
(i) To acquire by gift of purchase any and all properties of any kind . . . within or outside of the boundaries of the district necessary or convenient to the exercise of the powers, rights, privileges and functions conferred on it by this act. . . (Emphasis added).

Section 21 grants the Port of Beaumont Navigation District:

> all of the rights, power and authority granted by
> General or Special Laws to navigation districts . . .

Section 2 contains a similar provision.

Section 62.107(a) of the Water Code, which applies to article 16, section 59 navigation districts such as the Port of Beaumont Navigation District, provides:

> (a) Any district created under this chapter may acquire
> by gift, purchase, or condemnation and may own land
> adjacent or accessible to the navigable water and ports
> developed by it which may be necessary or required for
> any and all purposes incident to or necessary for the
> development and operation of the navigable water or
> ports within the district, or may be necessary or required
> for or in aid of the development of industries on the land.

As quoted above, section 2(i) of Acts 1949, 51st Leg., ch. 147, p. 270 expressly authorizes the acquisition by gift or purchase of property outside the District. Section 62.107(a), supra, is similarly broad in its authorization to "own land adjacent. . .to the navigable waters or ports. . . ." In our opinion these provisions clearly authorize the purchase of land outside the boundaries of the district. Of course the condemnation authority granted by section 62.107(a) is limited by section 2(i) of Acts 1949, 51st Leg., ch. 147, p. 270, to areas within the boundaries of the district.

Section 2(a) and (b) of Acts 1957, 55th Leg., ch. 20, p. 30, supra, authorize the District to construct and operate the type of facilities involved in your request. Since these subsections are not limited to areas within the District, in our opinion they authorize the construction and operation of such facilities on land acquired outside the District pursuant to section 2(i) so long as such facilities are "consistent to or necessary to the operation or development of ports or waterways within the District."

However, a water district cannot "roam at large;" its main purpose is to serve the area within its boundaries. Harris County Water Control and Improvement District v. City of Houston, 357 S.W. 2d 789, 795 (Tex. Civ.

App. -- Houston 1962, writ ref'd n. r. e.). Similarly two municipal corporations cannot have co-existent control over the same territory and contemporaneously exercise essentially the same governmental powers in it. City of Galena Park v. City of Houston, 133 S. W. 2d 162 (Tex. Civ. App. -- Galveston 1939, writ ref'd). Water districts are municipal corporations. Attorney General Opinion V-787 (1949). Nevertheless, water districts may operate property outside their boundaries pursuant to statutory authorization. San Jacinto River Conservation & Reclamation District v. Sellers, 184 S. W. 2d 920 (Tex. Sup. 1945); King v. Jefferson County Water Control & Improvement District No. 7, 281 S. W. 2d 185 (Tex. Civ. App. -- Austin 1955, writ ref'd); Lower Nueces River Water Supply District v. Cartwright, 274 S. W. 2d 199 (Tex. Civ. App. -- San Antonio 1954, writ ref'd n. r. e.). But as a general principle, when a municipal corporation operates property within the boundaries of another such corporation, the property must serve only the area of the operating corporation. See City of New Braunfels v. City of San Antonio, 212 S. W. 2d 817 (Tex. Civ. App. -- Austin 1948, writ ref'd n. r. e.). Accordingly, while we answer your first two questions in the affirmative, the facilities operated outside of the boundaries of the Port of Beaumont Navigation District may serve only the area within the District, and such facilities must be "consistent [with] or necessary to the operation or development of parts or waterways within the District. " Whether facilities are consistent with or necessary to that development is a question of fact.

Your third and fourth question concern the authority of the District to lease property to an individual or corporation for private industrial use.

Section 62.107(b) of the Water Code provides:

> The district may lease any part of the acquired land to
> any individual or corporation and may charge for the
> lease reasonable tolls, rents, fees, or other charges.
> The district may use the proceeds both for the mainten-
> ance and operation of the business of the district and for
> the purpose of making the district self-supporting and
> financially solvent and returning the construction costs
> of the improvements within a reasonable period.

In addition, section 21 of the Act creating the Port of Beaumont Navigation District contemplates the leasing of the District's property, authorizing the District to pledge "revenues derived from property owned by the District and leased to others. " Acts 1961, 57th Leg., ch. 5, p. 8. In Barbour v. McCallum,

15 S. W. 2d 1032 (Tex. Sup. 1929) and <u>Atwood v. Willacy County Navigation District</u>, 271 S. W. 2d 137 (Tex. Civ. App. -- San Antonio 1954, writ ref'd n. r. e.), <u>appeal dismissed</u>, 350 U. S. 804 (1955), it was held that similar leases were for a public purpose. <u>See also</u> <u>City of Galveston v. Hill</u>, 519 S. W. 2d 103 (Tex. Sup. 1975). Accordingly, we answer your third and fourth questions in the affirmative. However, we believe the District must charge reasonable rents in order to avoid a violation of article 3, § 52 of the Texas Constitution. Of course, the validity of any specific project will depend on its particular facts. In addition, the property would remain that of the District, and could therefore serve only the area within the boundaries of the District.

## SUMMARY

The Port of Beaumont Navigation District of Jefferson County by gift or purchase may acquire property outside its boundaries and may construct and operate statutorily authorized facilities upon such property. However, the facilities must serve only the area of the District and must be consistent with or necessary to the operation or development of ports or waterways within the District.

Such property and facilities may be leased to an individual or corporation for private industrial use if a reasonable rent is charged and the operations are limited in scope to those permitted of the District were it to be the operator.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee