

# The Attorney General of Texas

June 27, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Mr. Everett J. Grindstaff
Chairman
Upper Colorado River Authority
Ballinger, Texas

Opinion No. H-1195

Re: Authority of Upper Colorado River Authority to purchase, store, and sell water outside of its district.

Dear Mr. Grindstaff:

You ask whether the Upper Colorado River Authority may contract for and purchase water outside its district, in particular from the Stacy Reservoir Project, which is to be built by another water district. You also ask whether the authority may impound purchased water in the Stacy Reservoir pending actual need by the users in its district and in the interim sell some of the water to users outside of the district. It is predicted that the authority will not need to use the purchased water within its boundaries for a ten year period.

The Upper Colorado River Authority was created under the authority of article 16, section 59(a) of the Texas Constitution. Acts 1935, 44th Leg., ch. 126, § 1. It has only those powers expressly granted by statute or implied as an incident to express powers. Franklin County Water District v. Majors, 476 S.W.2d 371. (Tex. Civ. App. — Texarkana 1972, writ ref'd n.r.e.); Harris County Water Control & Improvement District No. 58 v. City of Houston, 357 S.W.2d 789 (Tex. Civ. App. — Houston 1962, writ ref'd n.r.e.). The Upper Colorado River Authority Act provides:

> Sec. 2. Except as expressly limited by this Act, the District shall have and is hereby authorized to exercise all powers, rights, privileges and functions conferred by General Law upon any District or Districts created pursuant to Section 59-a, of Article 16, of the Constitution of the State of Texas. Without limitation of the generality of the foregoing the District shall have and is hereby authorized to exercise the following powers, rights, privileges and functions:

p. 4805

> (a)  to control, store and preserve, within the boundaries of the District, the waters of the Colorado River and its tributaries for any useful purpose or purposes, and to use, distribute and sell the same, within the boundaries of the District for any such purpose or purposes;
>
> (b)  to sell and distribute water without the boundaries of the District to any municipality for domestic, municipal and irrigation purposes, and to any person, firm or corporation for municipal purposes or irrigation, together with the right to construct flumes, irrigation ditches, pipe lines and storage reservoirs without the District for such purposes;
>
> . . . .

Acts 1935, 44th Leg., ch. 126, § 2.

These provisions expressly authorize the district to store and sell the waters of the Colorado River within its district, and also to sell water without the boundaries of the district. In addition, section 2 is a general grant of power to the authority to exercise any powers conferred by general law on any district created pursuant to article 16, section 59(a). See City of San Antonio v. Texas Water Commission, 392 S.W.2d 200 (Tex. Civ. App. — Austin 1965), aff'd, 407 S.W.2d 752 (Tex. 1966) (discussing similar provisions relating to Guadalupe-Brazos River Authority).

Section 50.272 of the Water Code authorizes districts created pursuant to article 16, section 59 to contract with other districts for a water supply. See also Water Code § 55.189. It has been held that a county water control and improvement district could purchase water from a source outside of the district to distribute within the district. King v. Jefferson County Water Control and Improvement District No. 7, 281 S.W.2d 185 (Tex. Civ. App. — Austin 1955, writ ref'd); see also Ball v. Merriman, 245 S.W. 1012 (Tex. Civ. App. — Beaumont 1922), rev'd on other grounds, 296 S.W. 1085 (Tex. 1927). We believe the Upper Colorado River Authority may purchase water from the Stacy Reservoir Project.

The statute which created the authority authorizes it

> to acquire by . . . lease . . . and to maintain, use and operate any and all property of any kind, real, personal or mixed, or any interest therein, within or without the boundaries of the District, necessary or convenient to the exercise of the powers, rights, privileges, and functions conferred upon it by this Act.

Acts 1935, 44th Leg., ch. 126, § 2(f). In our opinion, this language authorizes the authority to use the Stacy Reservoir for impoundment of purchased water prior to distribution to users within the district.

We find no statutes expressly authorizing water districts to buy and sell water outside of the district, although there is authority for the sale of "surplus district water" outside of the district. Water Code §§ 51.188, 55.197 (emphasis added). The Court of Civil Appeals has determined that a water district lacks implied authority to acquire a water distribution system located twenty-two miles from the district which distributed water from a source wholly outside of the district's boundaries. Harris County Water Control & Improvement District No. 58 v. City of Houston, 357 S.W.2d 789 (Tex. Civ. App. — Houston 1962, writ ref'd n.r.e.). Although the facts you present differ from those in Harris County Water Control & Improvement District No. 58 v. City of Houston, we believe its dicta is relevant to your second question. The court stated that the district's authority to sell water and condemn land outside its limits did not empower it to operate an autonomous system outside of its boundaries. It discussed the water conservation statutes as follows:

> [T]he overriding purpose is service within the district. There may not be sufficient supply within the district so the statutes have authorized acquisition of properties outside the district but, we think, to be used primarily in developing the area within the district. . . . While we recognize a plant for the accumulation or production of water may lie wholly outside of the district (Lower Nueces River Water Supply District v. Cartwright, Tex. Civ. App., 274 S.W.2d 199, ref., n.r.e., and King v. Jefferson County Water Control & Improv. Dist. No. 7, Tex. Civ. App., 281 S.W.2d 185, error ref.), the primary use of the water is to be within the district. Incident to that primary service, if the needs within the district are served, water may be furnished without the district. The same is true where the source of the water is within the district. We have no such case here. We have a case where the source of the water is wholly unconnected with the limits of the district and distribution is in an area wholly unconnected with and outside the limits of the district.

357 S.W.2d, at 796. This language indicates that a district may purchase and distribute water wholly outside its boundaries only where that undertaking is incident to a primary purpose of providing water within its boundaries. Whether a particular transaction in water outside the district is subordinated to its primary purpose is of course a fact question, and we do not resolve fact questions in the

opinion process.   However, the ten year period that the authority would sell Stacy Reservoir water exclusively outside the district would tend to show that those sales were not merely incident to the provision of water within the district.   Thus, we cannot conclude that the Upper Colorado River Authority may sell water from the Stacy Reservoir to users outside the district.

## SUMMARY

The Upper Colorado River Authority may purchase water from another district for distribution to its own users and may store it in a reservoir outside its boundaries prior to distribution.  Any sale of such water to purchasers outside of the authority's boundaries must be incident to the primary purpose of distribution within its boundaries.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn